UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GREGORY HUNT, | ) C/A No. 4:15-4142-BHH-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| WILLIE J. EAGLTON, WARDEN; | ) |
| ANNIE SELLERS, ASSOCIATE WARDEN; | ) |
| CAPTAIN EDGE; LIEUTENANT MOULTRIE; | ) |
| MS. BUCHANAN, FOOD SERVICES; | ) |
| MS. LEAK, FOOD SERVICES, | ) |
| | ) |
| Defendant. | ) |

_____

**PROCEDURAL BACKGROUND**

Plaintiff, a prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983[1] on October 2, 2015, alleging a violation of his constitutional rights. Plaintiff is housed at the Evans Correctional Institution (ECI). At all times relevant to the allegations contained in the complaint, Plaintiff was housed at ECI. On April 18, 2016, Defendants filed a motion for summary judgment along with a memorandum and affidavits in support. As the Plaintiff is proceeding *pro se*, the court issued an order on or about April 18, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

Plaintiff filed a response on May 18, 2016.

## DISCUSSION

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably

find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## ALLEGATIONS

Plaintiff alleges his constitutional rights were violated while he was housed at the ECI. Specifically, Plaintiff alleges that another inmate ( Inmate Montgomery) threatened to kill him if he did not engage in sexual conduct with the inmate. Plaintiff states that he and Inmate Montgomery both worked in the kitchen, and Defendant Buchanan (food service director at

3

ECI) was informed about the assault by another inmate completing a request to staff member. Plaintiff states that he was fired from his kitchen duties as opposed to Inmate Montgomery. Further, Plaintiff alleges a risk of harm claim.

Defendants filed an answer generally denying the allegations and raising the affirmative defense that the Plaintiff failed to exhaust his administrative remedies prior to filing his complaint. In their motion for summary judgment, Defendants argue that the Plaintiff did not file any grievances and failed to utilize the inmate grievance procedure.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants have pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement and have moved for summary judgment on that basis. In support, Defendants submitted the affidavit of Michael Tindal who attests that he is employed by the SCDC in the Inmate Grievance Branch as an Inmate Grievance Administrator. (Tindal affidavit, doc. #35-2). Tindal asserts that he researched Plaintiff's grievance history and discovered that Plaintiff has not filed any grievances while at SCDC. Id.

Plaintiff filed a response to the motion for summary judgment but did not address Defendants' argument that he failed to exhaust his administrative remedies. In his complaint, Plaintiff asserts that Defendant Eagleton knew what happened to him because he "wrote Warden Eagleton", that he "wrote mental health", and he "wrote SCDC headquarters request to staff with no answers". (Complaint at 4). Plaintiff does not allege that he filed a Step One or Step Two grievance form.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before Plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the grievance process within the SCDC. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though Plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though Plaintiff claimed he was afraid); see also Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to Plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

Several circuits have held that a grievance may be considered exhausted under the

5

PLRA when a prisoner files a grievance but has not received a timely determination. Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir.2004) ("[A]dministrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance."); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir.2002) ("[T]he failure [of prison officials] to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable."); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir.2002) (stating that prison's failure to timely respond renders administrative remedies unavailable); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir.2001) ("[O]nce [the prison] failed to respond to [the prisoner's written grievance], no further administrative proceedings were 'available' to him."); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir.1999) (per curiam) ("A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired."). See McMichael v. Pate, 2014 WL 793070 (D.S.C. Feb. 24, 2014).

There is no evidence that the Plaintiff filed any grievances within the SCDC at the time of the filing of this action. Tindal's uncontradicted affidavit reveals that the Plaintiff did not file any grievances and specifically with regard to these allegations. Because there is no evidence that the Plaintiff pursued his administrative remedies prior to bringing this suit, it is recommended that Defendants' motion for summary judgment (doc. #35) be granted for failure to exhaust administrative remedies. As it is recommended that the complaint be dismissed for failure to exhaust the administrative remedies, the merits will not be addressed.

## **CONCLUSION**

Based on the above reasoning, it is RECOMMENDED that Defendant's motion for summary judgment (document #35) be GRANTED for failure to exhaust administrative remedies and this claim dismissed.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 15, 2016
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**